BETSEY W. HEYWOOD *vs.* ESTHER HEYWOOD.

In an action against an administrator to recover for money had and received by his intestate, evidence is competent of the declarations of the intestate and of the defendant respecting the same; but evidence is not competent of the declarations of the plaintiff to the defendant, of matters which the defendant did not admit, but concerning which he declared his ignorance.

CONTRACT brought against the administratrix of the estate of Benjamin Heywood, for money had and received by him.

At the trial in the superior court, before *Ames*, J., it appeared that the plaintiff, being the owner of a bond of the Cheshire Railroad Company for $500, payable on the 1st of July 1860, lived with the intestate, who was her brother, for about a year and a half before his death, which occurred in June 1862; and that early in June 1860 Benjamin Heywood deposited a bond similar to that of the plaintiff in a savings bank for collection, and the amount thereof, when paid, was put to his credit, and a deposit book was issued to him in his own name. Charles Hovey, a witness for the plaintiff, testified that twice within two years before July 1860 he collected for Benjamin Heywood coupons of fifteen dollars each for semi-annual interest, of the Cheshire Railroad Company; and he was allowed, under objection, to add that Benjamin Heywood said it was for a female friend; and that he consulted the witness whether he had better collect the money when it became due, or take a new bond, and also that the defendant, since her appointment as administratrix, had made certain declarations to him, which were not recited in the bill of exceptions.

Elbridge Dutton, another witness for the plaintiff, was allowed, under objection, to give an account of a conversation between the plaintiff and the defendant, after the latter's appointment, in which the plaintiff called for her own books and papers, and the defendant gave up some papers, including a deposit book for another savings bank, and the plaintiff said, " There is another bank book, which you have not brought forward," to which the defendant replied that she knew of no other, except her son's;

and that the plaintiff said to the defendant, about a fortnight after, " Won't you show me the book you have had appraised as Ben's property, the money that came from the Cheshire Railroad bond that ran out in 1860 ? Ben collected the money and deposited it in the savings bank ; " to which the defendant replied, " I know nothing about my husband's business."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. R. Brown,* for the defendant.

*G. Stevens,* for the plaintiff.

GRAY, J. The testimony of Hovey to admissions of the intestate in his lifetime, and of his administratrix since her appointment, was competent evidence in this action against her for money had and received by him.

But as it does not appear that the defendant introduced any evidence that the plaintiff had done any act tending to show that she did not claim the bank book in question, the plaintiff's statements to the administratrix, the truth of which the latter did not admit by assent or silence, but declared her total ignorance about, were inadmissible in the plaintiff's favor.

*Exceptions sustained.*